IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RACHEL R. FLORES, | Cause No. CV 24-75-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| DEANNA LOUGEE, ET AL., | |
| Defendants. | |

Plaintiff Rachel R. Flores filed a 42 U.S.C. § 1983 Complaint against several Defendants. (Doc. 1.) The Complaint as initially drafted failed to state a claim. The Court allowed Flores to amend. After an extension, Flores filed an Amended Complaint. (Doc. 15.) Flores's Amended Complaint fails to state a claim as to Defendants Lougee, Bragg, Gootkin, the unnamed Medical Review Panel doctors, and the unnamed Passages director. The Court will dismiss those Defendants. Flores has alleged sufficient facts to state claims against Defendants Cole, Taylor, and Paula. By separate Order, the Amended Complaint will be served on those Defendants.

1

## I. STATEMENT OF THE CASE

Flores has revamped Defendants list in her Amended Complaint and focused solely on her medical care claims. Flores names, as defendants, Deanna Lougee, Helena Probation Officer; Captain Bragg, R.N. Cole and R.N. Taylor, Lewis and Clark County Detention Center; Director Brian Gootkin and unnamed doctors of the Department of Corrections medical panel; and unnamed Passages Director and R.N. Paula. (Doc. 15 at 3 – 4.)

Flores suffers from hypoglycemia. Flores has had critically low blood sugar episodes that have resulted in seizures while incarcerated. (Doc. 15-1 at 2.) Flores also has some kind of growths in her neck that cause her pain. (Doc. 15 at 5.) The basis of her claims against all Defendants is that she has not received proper medical treatment for her conditions. Flores interprets this denial as a violation of her constitutional rights.

## II. SCREENING STANDARD

Flores is a convicted state prisoner proceeding in forma pauperis so the Court must review her Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A

complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Course use a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between

3

probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, a court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. ANALYSIS

Flores alleges violations of her right to medical care have occurred at three facilities, Passages Prerelease Center, Lewis and Clark County Detention Center, and Montana's Women's Prison. Flores is currently convicted, and it appears from

her Complaint that her time at Passages was post-conviction, as well. The Court will analyze those claims under the Eighth Amendment. Lack of medical care in a prison context may give rise to an Eighth Amendment claim. A prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs," to sufficiently state a §1983 claim for failure to provide medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

The Ninth Circuit employs a two-prong test for deliberate indifference to medical needs. A plaintiff first must show "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). A plaintiff then must show "the defendant's response to the need was deliberately indifferent." *Id.*

Any time Flores may have spent at Lewis and Clark County before her conviction instead may be subject to the Fourteenth Amendment test for medical care for detainees. *Castro v. Los Angeles Cnty.*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc). The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment differ slightly from the Eighth Amendment standard:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn [ ] on the facts and circumstances of each particular case.'" *Castro,* at 1071. The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id*. The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*.

    A. Defendant Deanna Lougee

Defendant Lougee is a Helena, Montana probation officer. (Doc. 15-1 at 1.) Defendant Lougee was Flores' probation officer for seven years. Flores alleges that Defendant Lougee interfered with her ability to get medical care. Flores had a recommendation, unclear from whom, at sentencing that she be placed in a medical treatment facility, but Defendant Lougee recommended a lower level of care. Flores was then (apparently) sentenced to a regular incarceration without special medical care. *Id.* Defendant Lougee also allegedly refused to send "treatment

papers" somewhere, which resulted in Flores being held in county jail for over four months without care. *Id.*

These allegations fail to state a claim against Defendant Lougee. Defendant Lougee will be dismissed. As to what Defendant Lougee recommended in court, that is not matter for this Court's review, and Defendant Lougee has immunity for her recommendations during sentencing, as discussed in the Court's prior Order. Further, though Flores's Amended Complaint is not clear on exactly what "papers," Defendant Lougee should have sent, or where, she is not responsible for the lack of medical care in any facility. Defendant Lougee's failure to send documents might have been a source of delay, or a complication, but without more, it is not evidence of deliberate indifference to Flores's serious medical need. Defendant Lougee will be dismissed.

### B. Defendant Captain Bragg, and Nurses Cole and Taylor at Lewis and Clark County

Flores alleges no facts as to Defendant Captain Bragg's conduct. Without personal involvement, he cannot be held liable. Flores alleges that he, "through policies and procedures allowed agents or employees" to violate her rights, but Flores fails to provide any content to these conclusory labels. (Doc. 15-1 at 2.) Flores fails to allege any conduct of Defendant Bragg, any actual policy he implemented, or any reason to impute liability to him on the actions of others.

Defendant Bragg will be dismissed.

As to Defendant Nurses Cole and Taylor, they allegedly told Flores her blood sugar was fine, (when, presumably, Flores believes it was not), and disallowed others to assist Flores with glucose testing. *Id.* Flores asserts that she had seizures as a result. Flores states a potential claim against Defendant Nurses Cole and Taylor.

C. Defendant Passages Prerelease

Flores refers to this entity as Passages Alt. Flores alleges that unnamed directors "through policies and procedures" allowed staff to deny her medical care. (Doc. 15-1 at 5.) For the same reasons stated above, this proves insufficient to state a claim against these unknown directors. Flores further alleges that she received emergency medical care, for which she received follow-up orders that were not followed. *Id.* These allegations are too vague to state a claim against any defendant, without further facts to show who knew what, when, and failed to act. The only plausible allegation against Defendant Passages staff is that Defendant Paula did not check for toxic levels of lithium, after a doctor had ordered that to occur. Flores states a claim only against Defendant Paula for failure to check lithium levels, which resulted in "reactions," and Flores having to quit medications.

D. Defendant Montana Department of Corrections Medical Panel Doctors

The allegations against these Defendants are difficult to discern. Flores asserts that "several requests for medical care were initiated by Lewis and Clark County Jail, Passages employees," to the D.O.C. That assertion undermines her previous claims that those other Defendants were indifferent to Flores's needs. In any event, requests for dietary supplements were denied. (Doc. 15-1 at 3.) Flores also alleges she has some unspecified growths on her neck for which she has unsuccessfully sought an ultrasound.

The Panel itself, as an entity, is entitled to Eleventh Amendment immunity as an agency of the state. It is, thus, not a person who can be sued under § 1983. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-268 (1997). Flores could potentially pursue claims against individual members, in their personal capacity. Flores provides no facts to show when or how she requested medical care from these D.O.C. Panel Defendants, how they knew the specific of her allegedly serious medical need or risk to her health, and how they responded. "An inmate challenging a denial of treatment must [show] that the denial 'was medically unacceptable under the circumstances,' and made 'in conscious disregard of an excessive risk to [the inmate]'s health. *Rosati v. Igbinoso*, 791 F. 3d 1037, 1039 (9th Cir. 2015) (quotations omitted) At this point, all Flores has alleged is that she was denied treatment by unnamed medical providers. Without more, she fails to state a constitutional claim that the denial was "medically unacceptable" and made

"in conscious disregard" to her health.

    E.  Defendant Brian Gootkin, Director, Department of Corrections

Flores alleges Defendant Gootkin has used "policies and procedures" to deprive her of medical care but has not specified what these policies are. (Doc. 15-1 at 4.) Flores does state that she wrote Defendant Gootkin a letter about her need for medical care, but what exactly happened is unclear. A secretary responded, and Defendant Gootkin forwarded her complaint somewhere, but nothing ever came of it. *Id.* Without greater specifics, it is unclear what Flores expected Defendant Gootkin to do, and how his response reflected deliberate indifference. Defendant Gootkin is not a medical doctor, and he cannot assess her medical needs. Flores fails to state a claim against Defendant Gootkin.

### III.  CONCLUSION

Flores fails to state a claim against Defendants Lougee, Bragg, Gootkin, and the unnamed Passages director and Medical Review Panel doctors. She has, however, alleged sufficient facts to state claims against Defendants Cole, Taylor, and Paula. Those defendants will be served by separate order.

Accordingly, it is HEREBY ORDERED:

1.    Defendants Lougee, Bragg, Gootkin, and the unnamed Passages director and Medical Review Panel doctors are DISMISSED. The Clerk of Court is directed to amend the docket accordingly.

2.    At all times, Flores must notify the Court of any change of address. Failure to do so may result in dismissal.

DATED this 9th day of April, 2025.

_____
Brian Morris, Chief District Judge
United States District Court